IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| NANCY GALLAGHER MAES, | ) | CV 09-42-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# I. Introduction

Plaintiff, Nancy Gallagher Maes, seeks a tax refund in this claim. The parties disagree whether payments plaintiff received from her ex-husband were child support or alimony. Alimony is income to the payee spouse and must be reported to the Internal Revenue Service; child support is not taxable income.

1

I.R.S. § 71 (2009).  The parties briefed the issue on cross-motions for summary judgment.  For the reasons that follow, the United States of America is entitled to judgment as a matter of law.

## II.  Background

Pursuant to a divorce decree, in 2003 Nancy Maes received $109,000 from her ex-husband, which she characterized as alimony income when she reported to the Internal Revenue Service. (Dkt # 19, Ex. # 2, Depo. Nancy Maes 27:1–5 (June 3, 2010)).  Now, Nancy Maes seeks to classify the payments as nontaxable child support.  Accordingly, she demands a refund of $14,604 of the taxes she claims she overpaid.  (Dkt #1, Pl.'s Compl.).

Nancy Maes and Dr. Paul Joel Maes dissolved their marriage on February 5, 2001. (*Id.* at ¶ 6.1).  The couple have four children, two of whom were minors at the time of the divorce. (U.S. Facts ¶ 8).  Nancy Maes' nephew jointly represented the couple during the divorce.  (Dkt # 19, Ex. # 2, Depo. Nancy Maes 53:15–24).  An amended final decree of dissolution of marriage was filed on October 2, 2001.  (Dkt #1 Pl.'s Compl.).  The amended decree contains the terms of the parenting plan and support agreement.  *Id.*

The money characterized as alimony in the dissolution decree was scheduled to decrease at specified time intervals.  *Id.*  Nancy Maes would receive

2

$109,000 for the first five years, $91,000 for the next 3 years, and $25,000 for 2 additional years. (Dkt # 19, Ex. # 9 Ltr. from Cain, Watters Accountans,10 (Aug. 29, 2000); Ex. # 7 Decree of Dissolution).  While the scheduled reductions occur in the same years that their two children turn age 20, the parties did not reference in the alimony provision that the reductions were intended to correspond with the children maturing. *Id.*

According to the accountant's letter outlining the property division, the parties intended to provide each party with half the husband's income for a time. The United States notes that the decree of dissolution required Dr. Maes to provide for child support in separate provisions.  Anticipating that Nancy Maes would report taxes for alimony, her payment was increased to account for the taxes she would report on the payment (Dkt 19, Ex. 4 Depo. Darrell Cain 22:4-24 (June 28, 2010)).

Maes argues that because the $18,000 reduction in 2006 and the $66,000 reduction in 2009 both occurred in years that one of their children turned age 20, the tax code characterizes the payments as child support.  (Pl.'s Compl. Dkt #1). The United States argues that any presumption that the money is child support is overcome by evidence that the parties did not contemplate the reductions to be made in relation to a contingency of a child. (Dkt # 18 Def.'s Br.).  The

characterization of the disputed sum is a question of law, and no genuine issue of material fact exists.

## IV.  Analysis

### A.  Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An adverse party may not rely on mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If there is no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### B.  What is the characterization of the payments?

The Internal Revenue Code requires a person to include in taxable gross income those payments received as "alimony or separate maintenance payments." *See* I.R.C. § 71(a). In order to qualify as alimony under the code, the payment must satisfy four elements.

   (1) In general.–The term "alimony or separate maintenance payment" means

any payment in cash if–

    (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

    (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse. *Id.* at § 71(b)(1).

Additionally, alimony does not include those amounts that the divorce or separation instrument fix as child support. *Id.* at § 71(c). At issue is whether the alimony provision of the Maes' decree of dissolution fixed a sum as child support.

Before the tax reform of 1986, the United States Supreme Court decision in *Commissioner of Internal Revenue v. Lester* interpreted the word "fix" to require an explicit designation of child support. 366 U.S. 299, 306 (1961). The parties' written agreement in *Lester* provided that a sum equal to one-sixth of the payments be reduced in the event a child married, became emancipated, or died. *Id.* at 300. Portions of the payments that constituted child support were easily determinable

5

by looking at the scheduled reduction in payments related to the parent's duty to support the children. Still, the United States Supreme Court held that to "fix" an amount as child support required the parties to expressly identify the amount as child support. *Id.* at 306. Considering that the payee had complete discretion in how she spent the money and that the parties did not expressly carve out child support, the Court characterized all of the payment as alimony. *Id.* at 303–306. The addition of I.R.S. § 71(c)(2) to the tax code subsequently overruled the rule in *Lester.* The reasoning in the case, however, is still persuasive, and the spirit of *Lester* has not been abandoned. *See Preston v. Commr. of IRS*, 209 F.3d 1281 (11th Cir.2000).

26 U.S.C. § 71(c)(2) created a rebuttable presumption that part of a payment is fixed as child support if any amount specified in the divorce instrument is reduced "on the happening of a contingency specified in the instrument relating to a child" or "at a time which can clearly be associated with a contingency of [such] a kind." I.R.S. § 71(c)(2). An amount equal to the reduction is treated as child support.

> A reduction in a payment is clearly associated with the happening of a contingency relating to a child if . . . payments are to be reduced on two or more occasions which occur not more than one year before or after a different child of the payor spouse attains a certain age between the ages of 19 and 24. 26 C.F.R. § 1.71-1T.

6

Furthermore, a payment can still be fixed as payable for child support if a different part of the agreement provides for specifically designated payments of child support. 26 C.F.R. § 1.71-1T, Q & A-16.

Still, the presumption can be overcome by showing the reductions were not associated with an event such as attaining a specified age, marrying, dying, leaving school, or a similar contingency. *See* 26 C.F.R. § 1 .71-1T(c), Q & A-18; *Shepherd v. Commr. of IRS*, T.C.M. (RIA) 2000-174, 2000 WL 680238 (U.S. Tax Ct.2000).

For example, demonstrating the parties did not discuss the contingency or reference the contingency in the agreement can rebut the presumption that a payment is clearly associated with a relevant child contingency. *Id.* at *2. The United States Tax Court addressed the issue in *Shepard v. Commissioner of Internal Revenue* and held that a scheduled reduction related to the child turning 18 only by coincidence. *Id.* at *3. In the alimony provision of the settlement agreement, the parties made no reference to the child turning 18. No evidence existed concerning discussions of the birthday during the settlement negotiations. Although payee's counsel testified that he discussed the presumption with his client, no evidence existed that the presumption was discussed with the payor. Even though the scheduled reduction coincided with the child reaching the age of

majority, the court characterized the payments as alimony because the parties did not make clear that the reduction was made because of the event. *Id.*

The decision in *Shepard* fits with the policy derived from the regulations and the *Lester* decision; each authority leaves open the possibility that alimony payments intended to be used as maintenance and child support can be entirely characterized as alimony and taxable to the payee spouse. The regulations state:

> If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 71(a). I.R.S. §1.71-1.

If the payee can exercise complete discretion on how to spend the payment, and the parties did not clearly calculate part of the payment to constitute child support, then the entire payment is alimony and taxable to the payee.

Plaintiff relies on two cases, even though they carry no precedential value,[1] that stand for the proposition that parties' intentions to treat payments as alimony will not overcome a presumption of child support if the alimony provision directly references a relevant child contingency in relation to an alimony reduction. In *Kracke v. Commissioner of IRS*, the separation agreement provided for reductions

---

[1] Tax Court Summary Opinions cannot be cited as precedent. *See* 26 U.S.C. § 7463(b) ("[a] decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case.").

in payments when children graduated from highschool. T.C. Summ. Op. 2004-26, 2004 WL 793194 at *1 (U.S. Tax Ct. 2004). When a party later insisted the payments were intended to be alimony, the court acknowledged the reference to the contingency in the agreement and stated, "we cannot rewrite the Separation Agreement"—the payments were child support. *Id.* at *2. In *Bonar v. Commissioner of Internal Revenue,* the alimony agreement explicitly referenced the eighteenth birthday as the contingency that triggered a payment reduction. T.C. Summ. Op. 2001-70, 2001 WL 1922996 at *1 (U.S. Tax Ct. 2001). The court rejected arguments that the amount reduced was not child support.

    Here, any presumption that the payments were child support is overcome. Unlike the separation agreements in *Kracke* and *Bonar*, the Maes separation agreement does not references an applicable childhood contingency. Just as the parties in *Shepard* did not make clear that the reductions were a response to a childhood contingency, the separation agreement here lacks any reference to the reductions relating to the children turning 20. The accountant who met with Dr. and Mrs. Maes and authored the letter outlining the agreement reported the theory behind the settlement was "to divide this money in half for a period of time." (U.S. Facts ¶ 9). If the initial sum paid was calculated by dividing Mr. Maes's income in half, then the calculation was not derived by summing amounts needed for child

support and those needed to support Nancy Maes.

Furthermore, the parties contemplated the payments would be taxable alimony. Nancy Maes reported the payment as alimony, indicating that she intended the payment to be taxable to her. The decree of dissolution incorporated a letter from the Maes's accountant that stated the payments would be taxable to Nancy Maes. (Dkt # 19, Ex. # 6, 4; Ex. 12, 10). The reductions were not clearly associated with a relevant child contingency so that the reductions are fixed as child support.

Plaintiff also argues that Montana law that requires a divorce decree to provide for child support necessitates characterizing part of the alimony payment as child support.

On the contrary, Treasury Regulation § 1.71-1 states that payments to the spouse that do not designate a specific portion to be used for the support of children shall be characterized as alimony that is taxable income. Even if a portion of the payment must be considered child support, because Dr. and Mrs. Maes did not expressly designate a portion of the alimony payment as child support, the entire payment is taxable to Plaintiff. Nancy Maes had discretion as to how she would spend the money, and according to Treasury Regulation 1.71-1, the entire payment should be taxable income.

### C. Does the payment satisfy the definition of alimony even though the agreement contains no provision that terminates the duty to pay after death?

In the alternative, Maes argues that the payments cannot be characterized as alimony because no provision requires a termination of benefits if plaintiff died. A cash payment qualifies as alimony only if "there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse." I.R.S. § 71(b)(1)(D). In other words, if the payment is a property settlement, it is not taxable to the payee. However, "[a] support agreement that does not explicitly provide that payments terminate upon the death of the payee spouse can nevertheless satisfy § 71(b)(1)(D) if the payments terminate in the event of the payee spouse's death by operation of state law." *Johanson v. Commr. of IRS*, 541 F.3d 973, 977 (9th Cir. 2008). Montana law provides that "the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance" unless otherwise agreed in writing or in the divorce decree. Mont. Code Ann. § 40–4–208(4) (2009). The periodic payments satisfy the definition of alimony because Montana law provides for termination of the obligation to pay upon the death of the spouse.

### D. Does the stipulated decision of the United States Tax Court require the court to characterize the disputed payment as child support?

Finally, Maes implores the court to consider a stipulated decision of the United States Tax Court issued in response to a 2005 audit of Plaintiff that revealed a deficiency. The case involved the characterization of the alimony payments, and the parties entered into a stipulated decision in favor of Mrs. Maes. (Dkt. # 16, Pl.'s Br.).

The parties did not actually litigate the matter so the stipulated decision carries no precedential value. *U.S. v. Intl. Bldg. Co.*, 345 U.S. 502 (1953) (a decision entered upon a stipulation of deficiencies without a hearing on the merits will not support collateral estoppel). For collateral estoppel to bar a successive suit, the previous suit must have been "actually litigated and determined by a valid and final judgment." Restatement (Second) of Judgments § 27 (1982).

### IV. Conclusion

IT IS ORDERED Nancy Maes's Motion for Summary Judgment (dkt # 15) is DENIED. The United States of America's Motion for Summary Judgment (dkt # 18) is GRANTED.

The Clerk is directed to enter judgment in favor of Defendant, the United States of America, and against Plaintiff Nancy Maes.

The Clerk is directed to notify the parties of the entry of this Order and Judgment.

Dated this 13th day of October, 2010.

/s/ Donald W. Molloy

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT